**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No.  05-34045

SAMUEL RICHARD COURTNEY
d/b/a COURTNEY BUILDERS

        Debtor

MIMS GORDON and
ALTA MARIE WILLIAMS

        Plaintiffs

        v.                            Adv. Proc. No.  05-3186

SAMUEL RICHARD COURTNEY

        Defendant

**MEMORANDUM ON
PLAINTIFF'S JURY DEMAND**

**APPEARANCES:**    HODGES, DOUGHTY & CARSON, PLLC
                            Keith L. Edmiston, Esq.
                            Post Office Box 869
                            Knoxville, Tennessee  37901-0869
                            Attorneys for Plaintiffs

                            MOSTOLLER, STULBERG & WHITFIELD
                            Ann Mostoller, Esq.
                            136 South Illinois Avenue
                            Suite 104
                            Oak Ridge, Tennessee  37830
                            Attorney for Defendant/Debtor

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding was commenced by the Complaint Objecting to Discharge of the Debtor, to Determine the Dischargeability of a Debt, and for Damages (Complaint) filed by the Plaintiffs on October 27, 2005, asking the court to (1) deny the Debtor's discharge under 11 U.S.C.A. § 727(a)(2), (3), (4)(A), (4)(D), and (5) (West 2004); (2) determine the dischargeability of a debt under 11 U.S.C.A. § 523(a)(2), (4), and (6) (West 2004); and (3) award compensatory damages in the amount of no less than $250,000.00. The Plaintiffs grounded their Complaint on negligence, intentional misrepresentation, fraud, outrageous conduct, deceit, conversion, breach of contract, and violations of the Tennessee Consumer Protection Act for actions of the Debtor alleged to have occurred with respect to a contract between the parties for the construction of a house. In addition to compensatory damages, the Plaintiffs seek treble damages, punitive damages, and attorneys' fees. The Complaint also contains a jury demand.

On December 15, 2005, the Plaintiffs filed an unsecured nonpriority Proof of Claim in the Debtor's bankruptcy case file in the amount of $250,000.00 after receiving the Notice of Need to File Proof of Claim Due to Recovery or Anticipated Recovery of Assets (Notice of Assets) sent by the Clerk's Office on September 20, 2005. The Proof of Claim states on its face that it is based on "fraud, negligence, contract, etc."

The Debtor filed his Answer on December 22, 2005, but he did not expressly consent to a jury trial as required by 28 U.S.C.A. § 157(e) (West 1993 & Supp. 2005).[1] On January 24, 2006,

---

[1]    (e) If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

(continued...)

2

the court entered an Order directing the Plaintiffs to appear on March 9, 2006, and show cause why they did not waive their right to a jury trial by filing the Proof of Claim. On February 8, 2006, the Plaintiffs filed the Plaintiffs' Response to Show Cause Order (Response), arguing that they did not "voluntarily" file their Proof of Claim, and therefore, they did not waive their right to a jury trial, at least with respect to the issue of damages.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) and (O) (West 1993). To the extent the Complaint raises issues that are noncore but are otherwise related to the Debtor's bankruptcy case, the parties have consented to the entry of appropriate final orders and judgments by the bankruptcy judge pursuant to 28 U.S.C.A. § 157(c)(2) (West 1993).

# I

The Plaintiffs argue that they did not voluntarily waive their right to a jury trial, stating that their Proof of Claim was filed after they commenced this adversary proceeding and was filed only after issuance of the Notice of Assets. They argue that the filing of the Proof of Claim was compelled by the prospect of having their claim barred as untimely if not filed. In the alternative, the Plaintiffs argue that even if their Proof of Claim was filed "voluntarily" such that they waived their rights to a jury trial, they only did so as to Counts I and II, seeking a denial of discharge and a determination of nondischargeability. They contend that they are still entitled to a jury trial as to damages based upon negligence, intentional misrepresentation, fraud, outrageous conduct, deceit, conversion, breach of contract, and violations of the Tennessee Consumer Protection Act.

---

[1](...continued)
28 U.S.C.A. § 157(e).

The Seventh Amendment, which provides parties with the right to a jury trial, states as follows: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII. The Supreme Court has found that this means a plaintiff is entitled to a jury trial in any lawsuit in which the court is called upon to determine legal rights, as opposed to those in which the court is called upon to determine equitable rights and remedies. *See Granfinanciera, S.A. v. Nordberg*, 109 S. Ct. 2782, 2790 (1989). Pursuant to *Granfinanciera,* in order to determine if a cause of action asserted in the bankruptcy court supports the right to a jury trial, the court must determine (1) whether, historically, the action would have been brought in a court of equity or a court of law; (2) if the remedy sought is legal or equitable in nature; and (3) if Congress has "assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder." *Granfinanciera*, 109 S. Ct. at 2790.

Nevertheless, "by filing a claim against a bankruptcy estate, the creditor triggers the process of allowance and disallowance of claims, thereby subjecting himself to the bankruptcy court's equitable power." *Langenkamp v. Kulp*, 111 S. Ct. 330, 331 (1990) (citing *Granfinanciera*, 109 S. Ct. at 2790). The Plaintiffs argue that because their causes of action are primarily legal, they are still entitled to a jury trial on the damages issue, irrespective of their Proof of Claim.[2] In support of this contention, they rely upon *Germain v. Conn. Nat'l Bank*, 988 F.2d 1323 (2d Cir. 1993). The

---

[2] Dischargeability of a debt and objections to discharge are actions founded in equity. *See*, *e.g.*, *Gains v. Thomas (In re Thomas)*, 235 B.R. 864, 866 (Bankr. N.D. Tex. 1999).

*Germain* court, in examining whether a trustee's preference action against a bank that had filed a proof of claim precluded a jury trial, held that

> neither precedent nor logic supports the proposition that either the creditor or the debtor automatically waives all right to a jury trial whenever a proof of claim is filed. For a waiver to occur, the dispute must be part of the claims-allowance process or affect the hierarchical reordering of creditors' claims. Even there the right to a jury trial is lost not so much because it is waived, but because the legal dispute has been transformed into an equitable issue.

*Germain*, 988 F.2d at 1330.  However, *Germain* also states the following:

> [B]y filing a proof of claim a creditor forsakes its right to adjudicate before a jury any issue that bears directly on the allowance of that claim -- and does so not so much on a theory of waiver as on the theory that the legal issue has been converted to an issue of equity.  It is reasonable that a creditor or debtor who submits to the equity jurisdiction of the bankruptcy court thereby waives any right to a jury trial for the resolution of disputes vital to the bankruptcy process, such as those involving the determination of who is a valid creditor and which creditors are senior in the creditor hierarchy.  We will not presume that the same creditor or debtor has knowingly and willingly surrendered its constitutional right to a jury trial for the resolution of disputes that are only incidentally related to the bankruptcy process.

*Germain*, 988 F.2d at 1329-30.  Here, by the filing of the Proof of Claim, the Plaintiffs have submitted themselves to the claims resolution process which necessarily requires a determination of the debtor/creditor relationship.

The majority of courts have held, and this court agrees, that based upon Supreme Court precedent, a creditor who files a proof of claim waives any right to a jury trial with respect to the same issues upon which their lawsuit is based.  *See SNA Hut Co. v. Haagen-Dazs Co., Inc.*, 302 F.3d 725, 730 (7th Cir. 2002) ("To determine whether a party has submitted itself to the equitable jurisdiction of the bankruptcy court, the relevant inquiry is whether the party has submitted a claim against the bankruptcy estate, thereby subjecting itself to the bankruptcy court's equitable power to allow or disallow claims."); *Institut Pasteur v. Cambridge Biotech Corp. (In re Cambridge Biotech*

5

*Corp.)*, 186 F.3d 1356, 1372 (Fed. Cir. 1999) ("The precedent is clear that once a party invokes the core jurisdiction of the bankruptcy court by filing a proof of claim, that party has no Seventh Amendment right to a jury trial."); *Holcomb Health Care Servs., LLC v. Quart Ltd., LLC (In re Holcomb Health Care Servs., LLC)*, 329 B.R. 622, 646 (Bankr. M.D. Tenn. 2004); *WSC, Inc. v. Home Depot, Inc. (In re WSC, Inc.)*, 286 B.R. 321, 331 (Bankr. M.D. Tenn. 2002) (because the Plaintiffs' lawsuit involves the same facts and conduct that forms the basis for their proof of claim, they are "integrally related" and resolve the allowance or disallowance of the Plaintiffs' claim); *Tenn. Valley Steel Corp. v. B.T. Commercial Corp. (In re Tenn. Valley Steel Corp.)*, 186 B.R. 919, 922-23 (Bankr. E.D. Tenn. 1995).

The Plaintiffs' second argument, that they did not "voluntarily" file their Proof of Claim, and accordingly, they did not "voluntarily" waive their right to a jury trial, likewise, is without merit. First, they state that they only filed their Proof of Claim when advised by the Chapter 7 Trustee to file claims or risk losing the right to participate in distribution. Clearly, the Plaintiffs intended to invoke the bankruptcy court's claims allowance process if they want to ensure their participation in any distribution from the estate. Additionally, the fact that they filed their Proof of Claim after commencing this adversary proceeding makes no difference.

> [N]othing in *Langenkamp* suggests that it makes any difference whether the filing of the adversary proceeding precedes or follows the submission of a claim against the bankruptcy estate. In either case, the submission of the claim still would "trigger[] the process of 'allowance and disallowance of claims,'" thereby subjecting the claimant to the bankruptcy court's equitable jurisdiction.

*Granader v. Peachtree Lane Assocs. (In re Peachtree Lane Assocs.)*, 150 F.3d 788, 799 (7th Cir. 1998) (quoting *Langenkamp v. Kulp*, 111 S. Ct. 330, 331 (1990)); *see also Roberds, Inc. v. Palliser*

*Furniture*, 291 B.R. 102, 108 (Bankr. S.D. Ohio 2003) ("when a defendant makes a claim against the estate, it triggers the claims allowance process, regardless of the timing of that claim.").

For the above reasons, the Plaintiffs, by the filing of their Proof of Claim on December 15, 2005, have waived their right to a jury trial. The jury demand contained in their Complaint will be stricken. An order to this effect will be entered.

FILED: February 23, 2006

BY THE COURT

*/s/ RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE